## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **GEORGE L. MILLER, Chapter 7 Trustee for Education Management Corporation,** *et al.*, <br><br> **Plaintiff,** <br><br> v. <br><br> **KKR & CO. INC.,** *et al.*, <br><br> **Defendants.** | **Case No. 2:25-cv-00311-JS** |

### PLAINTIFF'S MOTION FOR MANDATORY ABSTENTION
### AND REMAND TO STATE COURT

Plaintiff George L. Miller, Chapter 7 Trustee of the bankruptcy estates of Education Management Corporation, *et al.*, by and through his undersigned counsel, hereby moves this Honorable Court, pursuant to 28 U.S.C. § 1334(c)(2), to abstain from hearing this case in which Plaintiff's claims are based solely on state law causes of action which were commenced and can be timely adjudicated in a state forum of appropriate jurisdiction, and to remand this case to the Court of Common Pleas of Philadelphia County (Commerce Program), the state court from which it was removed.

In support of this motion, Plaintiff relies upon the accompanying Memorandum of Law.

Respectfully submitted,

Dated: January 28, 2025

By: */s/ Steven M. Coren*
Steven M. Coren, Esquire
John W. Morris, Esquire
**COREN & RESS, P.C.**
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 735-8700

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GEORGE L. MILLER, Chapter 7 Trustee for Education Management Corporation,** *et al.*, [1]<br><br>　　　　　　**Plaintiff,**<br>　　　**v.**<br><br>**KKR & CO. INC.,** *et al.*,<br><br>　　　　　　**Defendants.** | **Case No. 2:25-cv-00311-JS** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR MANDATORY ABSTENTION AND REMAND TO STATE COURT**

---

[1] Plaintiff is the Chapter 7 Trustee of the Debtors (the "Debtors") in the jointly administered bankruptcy cases in the United States Bankruptcy Court for the District of Delaware captioned, *In re: The Art Institute of Philadelphia, LLC, et al.*, U.S.B.C., D.Del., Case No. 18-11535 (CTG), which include the following entities: American Education Centers, Inc.; Argosy Education Group, Inc.; Argosy University of California LLC); Brown Mackie College - Tucson, Inc.; Education Finance III LLC; Education Management LLC; Education Management II LLC; Education Management Corporation; Education Management Holdings II LLC; Higher Education Services II LLC; Miami International University of Art & Design, Inc.; South Education – Texas LLC; South University of Florida, Inc.; South University of Michigan, LLC; South University of North Carolina LLC; South University of Ohio LLC; South University of Virginia, Inc.; South University, LLC; Stautzenberger College Education Corporation; TAIC-San Diego, Inc.; TAIC-San Francisco, Inc.; The Art Institutes International Minnesota, Inc.; The Art Institute of Atlanta, LLC; The Art Institute of Austin, Inc.; The Art Institute of California-Hollywood, Inc.; The Art Institute of California-Inland Empire, Inc.; The Art Institute of California - Los Angeles, Inc.; The Art Institute of California-Orange County, Inc.; The Art Institute of California-Sacramento, Inc.; The Art Institute of Charleston, Inc.; The Art Institute of Charlotte, LLC; The Art Institute of Colorado, Inc.; The Art Institute of Dallas, Inc.; The Art Institute of Fort Lauderdale, Inc.; The Art Institute of Houston, Inc.; The Art Institute of Indianapolis, LLC; The Art Institute of Las Vegas, Inc.; The Art Institute of Michigan, Inc.; The Art Institute of Philadelphia LLC; The Art Institute of Pittsburgh LLC; The Art Institute of Portland, Inc.; The Art Institute of Raleigh-Durham, Inc.; The Art Institute of St. Louis, Inc.; The Art Institute of San Antonio, Inc.; The Art Institute of Seattle, Inc.; The Art Institute of Tampa, Inc.; The Art Institute of Tennessee-Nashville, Inc.; The Art Institute of Virginia Beach LLC; The Art Institute of Washington, Inc.; The Art Institutes International II LLC; The Illinois Institute of Art at Schaumburg, Inc.; The Illinois Institute of Art, Inc.; The Institute of Post-Secondary Education, Inc.; The New England Institute of Art, LLC; The University of Sarasota, Inc.;Western State University of Southern California.

Table of Authorities .................................................................................................... ii

I.      INTRODUCTION ...............................................................................................1

II.     LEGAL STANDARD...........................................................................................2

III.    ARGUMENT.......................................................................................................3

        A.      MANDATORY ABSTENTION IS REQUIRED BY 28 U.S.C. § 1334(c)(2) .......3

                1.      The Proceeding is Based on State Law Claims and Causes of Action. .......3

                2.      The Trustee's Claim is Related to a Case under Title 11 but does not
                        Arise under Title 11 or Arise in a Case under Title 11...............................4

                3.      The Federal Court Would not Have Jurisdiction but for its Relation to a
                        Bankruptcy Case. ......................................................................................5

                4.      The Trustee's Action is Commenced in a State Court of Appropriate
                        Jurisdiction................................................................................................5

                5.      The Action can be Timely Adjudicated in a State Forum of Appropriate
                        Jurisdiction................................................................................................6

        B.      THE CASE SHOULD BE REMANDED...............................................................8

IV.     CONCLUSION....................................................................................................9

i

**Cases**

*Allen v. J.K. Harris & Co., LLC*, 331 B.R. 634 (E.D. Pa. 2005) ....................................................... 3

*Baker v. Fam. Credit Counseling Corp.*, 440 F. Supp. 2d 392 (E.D. Pa. 2006) ............................. 3

*Carlev v. Wheeled Coach*, 991 F.2d 1117 (3d Cir. 1993) .................................................................. 6

*George L. Miller, Chapter 7 Trustee v. Todd S. Nelson, et al.*
   (D. Del. Bankr. Adv. No. 20-50627 (CTG) ................................................................................... 8

*Gov't of Virgin Islands v. Testamark*, 528 F.2d 742 (3d Cir. 1976) ............................................... 6

*In re Asousa P'ship*, 264 B.R. 376 (Bankr. E.D. Pa. 2001) ..................................................... *passim*

*In re the Art Institute of Philadelphia, LLC, et al.*, U.S.B.C. D. Del., Case No. 18-11535 ............ 1

*Koken v. Steinberg*, 825 A.2d 723 (Pa. Commw. 2003) ................................................................. 3

*Marion v. Bryn Mawr Trust Co.*, 288 A.3d 76 (Pa. 2023) ............................................................. 3

*McTernan v. City of York*, 577 F.3d 521 (3d Cir. 2009) ................................................................. 6

*Miller v. KKR & Co., et al.,* U.S.D.C., E.D.PA, Civ. Action No. 25-311 ..................................... 1

*Miller v. Santilli, et al.*, 2007 WL 839981 (E.D. Pa. Mar. 15, 2007) .................................. *passim*

*Stoe v. Flaherty*, 436 F.3d 209 (3d Cir. 2006) ........................................................................ *passim*

**Rules**

15 Pa. C.S.A. § 1101 .......................................................................................................................... 3

28 U.S.C. § 1334 .......................................................................................................................... *passim*

28 U.S.C. § 1452 .......................................................................................................................... *passim*

Fed. R. Civ. P. 16 .............................................................................................................................. 7

**Other Authorities**

Commerce Program Matrix (https://www.courts.phila.gov/pdf/cpcivil/Commerce-Program-
   Matrix.pdf) .................................................................................................................................. 7

Criteria for Assignment of Cases to Commerce Program
   (https://www.courts.phila.gov/pdf/regs/2016/cp-aj-ad-01-2016.pdf) ...................................... 6

ii

Plaintiff George L. Miller, Chapter 7 Trustee ("Plaintiff" or the "Trustee") of the bankruptcy estates of Education Management Corporation ("EDMC"), *et al.*, by and through his undersigned counsel, submits this Memorandum of Law in support of his motion for mandatory abstention and remand to state court.

## I.    INTRODUCTION

Plaintiff is the Chapter 7 Trustee of EDMC, a Pennsylvania corporation and parent of Debtors which include intermediate holding companies and operating subsidiaries that are Chapter 7 Debtors in bankruptcy cases being jointly administered in the United States Bankruptcy Court for the District of Delaware under the caption: *In re the Art Institute of Philadelphia, LLC, et al.*, U.S.B.C. D. Del., Case No. 18-11535.

The Trustee commenced this case in the Court of Common Pleas of Philadelphia County, Pennsylvania against former EDMC director Kermit Cook and former EDMC shareholders/lenders affiliated with Defendant KKR & Co., which controlled two seats on EDMC's Board of Directors.  The case was commenced on November 14, 2024 by Writ of Summons, and the Trustee's Complaint was filed on December 20, 2024.  In his three-count complaint, the Trustee asserts state-law causes of action for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and civil conspiracy.  No federal claims are asserted.

Defendants removed the case to this Court on January 17, 2025, based solely on "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b). *See Miller v. KKR & Co., et al.,* U.S.D.C., E.D.PA, Civ. Action No. 25-311 (Doc 1), Notice of Removal at ¶ 4 ("The Action is removable because it is related to the jointly administered bankruptcy proceeding in *In re the Art Institute of Philadelphia, LLC,* No. 18-11535….").

1

The Trustee respectfully submits that the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2) and the Third Circuit's decision in *Stoe v. Flaherty*, 436 F.3d 209 (3d Cir. 2006) compel this Court to abstain from adjudicating the state law claims at issue and to remand the case to the Court of Common Pleas of Philadelphia County, Pennsylvania.

## II.     LEGAL STANDARD

Section 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court **shall abstain** from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2)(emphasis added).

In the controlling case of *Stoe v. Flaherty*, 436 F.3d 209 (3d Cir. 2006), the Third Circuit set forth a five-part test for mandatory abstention under § 1334(c)(2):

> [U]pon a timely motion under § 1334(c)(2), a district court *must* abstain if the following five requirements are met: (1) the proceeding is based on a state law claim or cause of action; (2) the claim or cause of action is "related to" a case under title 11, but does not "arise under" title 11 and does not "arise in" a case under title 11, (3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case; (4) an action "is commenced" in a state forum of appropriate jurisdiction; and (5) the action can be "timely adjudicated" in a state forum of appropriate jurisdiction.

*Id.* at 213 (emphasis in original).

And, "where grounds for mandatory . . . abstention are present under § 1334, then remand is proper under [28 U.S.C.] § 1452(b)." *In re Asousa P'ship*, 264 B.R. 376, 381 (Bankr. E.D. Pa. 2001); *see also* 28 U.S.C. § 1452(b) (providing for remand of claims related to bankruptcy cases on "any equitable ground"); *Stoe*, 436 F.3d at 215 (discussing that the applicability of mandatory

2

abstention constitutes an "equitable ground" under § 1452(b)).

## III.    ARGUMENT

### A.  MANDATORY ABSTENTION IS REQUIRED BY 28 U.S.C. § 1334(c)(2)

Each of the requirements set forth in *Stoe v. Flaherty* has been met, and this Court is required to abstain from hearing this case.[2]

#### 1.   The Proceeding is Based on State Law Claims and Causes of Action.

The three causes of action in the Complaint are based solely on state law.

Count I alleges breach of fiduciary duty, a classic claim under state law.  The governance of corporations, including duties and liabilities of officers, directors and other fiduciaries, is based on state law, and in particular the Business Corporation Law of 1988, 15 Pa. C.S.A. § 1101, *et. seq.*

Count II alleges aiding and abetting breach of fiduciary duty and Count III alleges civil conspiracy in violation of state law.  Certainly, these are not federal causes of action; rather, they are based upon common law principles of shared responsibility when parties participate in the commission of state law torts.  *See, e.g.*, *Koken v. Steinberg*, 825 A.2d 723, 732 (Pa. Commw. 2003) (recognizing aiding and abetting breach of fiduciary duty cause of action); *Marion v. Bryn Mawr Trust Co.*, 288 A.3d 76, 84-88 (Pa. 2023) (discussing aiding and abetting causes of action under Pennsylvania law); *Baker v. Fam. Credit Counseling Corp.*, 440 F. Supp. 2d 392, 415 (E.D. Pa. 2006) (recognizing that civil conspiracy claim arises under state law).

Because the Trustee has asserted no federal causes of action and is pursuing claims based entirely on state law, the first *Stoe* requirement is satisfied.

---

[2] The Trustee's abstention/remand motion is timely, having been filed less than two weeks after Defendants' filing of the Notice of Removal. *See Allen v. J.K. Harris & Co., LLC*, 331 B.R. 634, 642 (E.D. Pa. 2005).

## 2. The Trustee's Claim is Related to a Case under Title 11 but does not Arise under Title 11 or Arise in a Case under Title 11.

Four types of cases support bankruptcy jurisdiction: "(1) cases 'under' title 11; (2) proceedings 'arising under' title 11; (3) proceedings 'arising in' a case under title 11; and (4) proceedings 'related to' a case under title 11." *Stoe*, 436 F.3d at 216. The district court has original and exclusive jurisdiction for cases "under title 11," 28 U.S.C. § 1334(a), and original but non-exclusive jurisdiction over the other three categories of cases. 28 U.S.C. § 1334(b).

The categories are delineated as follows: A case "under" Title 11 is simply the bankruptcy petition itself. *Stoe*, 436 F.3d at 216. A case "arises under" Title 11 if it invokes a substantive right created by the Bankruptcy Code. *Id.* Cases or proceedings "arising in" a bankruptcy case consist of administrative matters which arise in the management of the bankruptcy case and "have no existence outside of the bankruptcy," such as turnover orders or determinations of the validity or priority of liens, for example. *Id.* Finally, a case is "related to" a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* This broadest category includes any non-bankruptcy cause of action which might augment or diminish the bankrupt estate.

The instant case clearly "relates to" the Debtors' bankruptcy cases because it seeks to recover substantial sums for the benefit of the Debtors' estates. The Trustee is pursuing causes of action which belong to the estates and any ultimate recoveries will provide assets available for distribution to creditors. Defendants concede that the Trustee's claims are "related to" the Debtors' bankruptcy cases and rely solely on "related to" jurisdiction to support removal. *See* D.I. 1, Notice of Removal, at ¶ 4.

Clearly, the Trustee's suit does not "arise under" Title 11. A case "arises under" Title 11 only where the Bankruptcy Code itself "creates the cause of action or provides the substantive

4

right invoked." *Stoe*, 436 F.3d at 217.  Here, the Trustee's claims are not created by the Bankruptcy Code or even by federal law.  All his claims—breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and civil conspiracy—are classic matters of state law.

Nor does the case "arise in" the underlying bankruptcy case.  Claims "arise in" a bankruptcy case where the claims "by their nature . . . could only arise in the context of a bankruptcy case." *Id.* at 218.  This refers to matters which would not exist but for the existence of the bankruptcy proceeding—such as allowance or disallowance of claims, dischargeability determinations, and other "administrative matters." *Id.*  The Trustee's claims do not fall into that category.  Breach of fiduciary duty, aiding and abetting, and conspiracy claims "can clearly exist outside the context of bankruptcy cases." *Id.*  The claims asserted by the Trustee belonged to the Debtors pre-petition and exist in the absence of a bankruptcy case.

Because the Trustee's causes of action are "related to" a case under title 11, but do not "arise under" title 11 or "arise in" a case under title 11, the second *Stoe* requirement is satisfied.

### 3. The Federal Court Would not Have Jurisdiction but for its Relation to a Bankruptcy Case.

The Trustee's case does not implicate federal question jurisdiction, and removal to federal court is premised solely on a "related to" bankruptcy relationship under § 1334(b).  As such, the third requirement is satisfied. *See Miller v. Santilli, et al.*, 2007 WL 839981, at *4 (E.D. Pa. Mar. 15, 2007) (finding third requirement met where "the only jurisdiction over plaintiff's claim is its 'related to' bankruptcy jurisdiction").

### 4. The Trustee's Action is Commenced in a State Court of Appropriate Jurisdiction.

The Trustee commenced his case in the Court of Common Pleas of Philadelphia County, Pennsylvania, which is a state court of appropriate jurisdiction given that EDMC is a Pennsylvania

5

corporation, and the Trustee's claims arise under Pennsylvania law.  Although Defendants have removed the case to this Court, the Third Circuit held in *Stoe* that mandatory abstention applies to removed cases and that "[a] removed case 'is commenced' in the state court and satisfies that requirement."  *Stoe*, 436 F.3d at 213-14.

### 5. The Action can be Timely Adjudicated in a State Forum of Appropriate Jurisdiction.

The Trustee's case was filed in the Court of Common Pleas of Philadelphia County and assigned to the Court's Commerce Program given the specialized knowledge of that court in the relevant law – the governance of Pennsylvania corporations and the obligations of officers, directors, shareholders and others with respect thereto.  The Commerce Program was established in 2000 to provide litigants with a specialized and expeditious forum for the adjudication of complex corporate and commercial cases.  *See Miller v. Santilli, et al.*, 2007 WL 839981 (E.D.PA 2007). The assignment of cases to the Commerce Program was originally implemented by the regulation found at Administrative Docket No. 01-2000.  *See* Criteria for Assignment of Cases to Commerce Program at § F (https://www.courts.phila.gov/pdf/regs/2016/cp-aj-ad-01-2016.pdf).[3] The instant lawsuit is covered by the first criterion:

> Actions relating to the internal affairs . . . or liability of managers . . . of business corporations . . .

In 2016, Administrative Docket No. 01-2000 was revised by Administrative Docket No. 01-2016, but the revisions kept the language providing that the Commerce Program is the

---

[3] The Court may take judicial notice of the Commerce Program of the Court of Common Pleas of Philadelphia Court Administrative Docket Orders and the docket entries from the removed state court case. *See* Fed. R. Evid. 201. Courts are permitted to take judicial notice of matters of public record, prior judicial opinions, and official court records. *See, e.g., McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009); *Carlev v. Wheeled Coach*, 991 F.2d 1117, 1126 (3d Cir. 1993) (citing *Gov't of Virgin Islands v. Testamark*, 528 F.2d 742, 743 (3d Cir. 1976)).

appropriate venue for these types of Cases. *See id.* at § B(1)(a). Accordingly, the Commerce Program has nearly twenty-five years of experience resolving cases concerning the same subject matter as the claims filed by the Trustee.

As the Trustee anticipated, upon the filing of the Writ of Summons on November 14, 2024, the case was immediately assigned to the Commerce Program. *See* Doc 1-1, page 11-21 of 92.[4] On December 20, 2024, the Trustee filed his Complaint. *See id.* at 26-79 of 92. On January 3, 2025, the Commerce Court issued a Scheduling Order assigning the case to the individual calendar of the Honorable James Crumlish, III. *See id.* at 88-89 of 92. The Scheduling Order set a scheduling conference with the court and all parties on February 12, 2025. *See id.* The case likely will follow the Commerce Program's Standard Track which calls for trial within 18 months of filing, but because Defendants removed the case, the scheduling conference was thwarted, and the case was not assigned a track. *See* Commerce Program Matrix (https://www.courts.phila.gov/pdf/cpcivil/Commerce-Program-Matrix.pdf). Notably, while the Commerce Program set a scheduling conference within weeks of the lawsuit being filed, the case pending in the United States Bankruptcy Court for the District of Delaware referenced by Defendants was filed by the Trustee in June of 2020 and has yet to have conference under Fed. R. Civ. P. 16 to set a scheduling order. There is simply no basis to suggest that the Commerce Program would be incapable of resolving the claims in a timely manner.

Moreover, "[t]imeliness" in this context is to be measured "with respect to the needs of the title 11 case and not solely by reference to the relative alacrity with which the state and federal court can be expected to proceed." *Miller*, 2007 WL 839981, at *5 (quoting *Stoe*, 436 F.3d at

---

[4] The docket from the Trustee's state court case is contained in Defendants' Notice of Removal at Doc. 1-1, pages 2-9 of 92.

219). It is indisputable that the Commerce Program of Philadelphia's Court of Common Pleas can adjudicate the claims at issue here in a timely manner. *See id.* (holding that the Philadelphia County Court of Common Pleas Commerce Program's policies and procedures adequately satisfied the fifth *Stoe* requirement):

> The Commerce Program was established to provide litigants with a specialized and expeditious forum for the adjudication of complex corporate and commercial cases. Cases are immediately assigned to an individual judge who promptly conferences the case, assigns it to a scheduling track, and thereafter assures that each case progresses according to schedule. Before being removed, the instant case had been assigned to the Standard Track which calls for trial within eighteen months of filing. Due to the complexity of this litigation, an eighteen month schedule certainly satisfies the "timely adjudication" requirement. I find that plaintiff has offered enough evidence to show that his action can be timely adjudicated in state court.

*Miller v. Santilli, et al.*, 2007 WL 839981, at *5.[5]

### B.  THE CASE SHOULD BE REMANDED

Upon abstaining in this case, the Court should remand it to the Court of Common Pleas of Philadelphia County where it was filed and where it can be heard timely.

Although abstentions and remands are logically tied, they are procedurally separate.  While

---

[5] In their Notice of Removal, Defendants reference a pending adversary proceeding in the Delaware Bankruptcy Court along with their plan to request that this case be transferred to that court. *See* Notice of Removal, Doc. 1 at ¶ 11. While the existence of a parallel case may be a factor in adjudicating a request for discretionary abstention, *see Asousa P'ship,* 264 B.R. at 391, it is irrelevant to the adjudication of a request for mandatory abstention. *See Stoe*, 436 F.3d at 213. In any event, the adversary proceeding to which Defendants refer has yet to progress to a scheduling conference or scheduling order, notwithstanding the pendency of that case since 2020. *See George L. Miller, Chapter 7 Trustee v. Todd S. Nelson, et al.* (D. Del. Bankr. Adv. No. 20-50627 (CTG)) at [Adv. Docket No. 163].  Given that the bankruptcy court cannot conduct the jury trial which the Trustee has demanded and to which he is constitutionally entitled and given that the bankruptcy court cannot enter a final judgment, that case eventually will be sent to the district court for trial. Accordingly, the Court of Common Pleas of Philadelphia County, which can conduct a jury trial and enter final judgment is in fact a more efficient venue to resolve the Trustee's case.

abstention is governed by § 1334(c), remands are governed by § 1452(b), which provides that the district court may remand claims related to bankruptcy cases on "any equitable ground." 28 U.S.C. § 1452(b). As recognized by the Third Circuit in *Stoe*, the applicability of mandatory abstention constitutes an "equitable ground" justifying remand under § 1452(b). *See Stoe*, 436 F.3d at 215 ("Once a district court determines that it . . . must abstain from hearing a removed case pursuant to 1334(c)(2) . . . there will be an 'equitable ground' justifying remand under § 1452(b)."). Accordingly, "where grounds for mandatory . . . abstention are present under § 1334, then remand is proper under § 1452(b)." *Asousa P'ship*, 264 B.R. at 381.

Accordingly, mandatory abstention and remand is required, and the Court should grant the Trustee's motion and remand the case to the state court from which it was removed.

## IV.    CONCLUSION

In light of the foregoing facts and authorities, the Trustee respectfully submits that his motion should be granted, and that this Court should abstain from hearing this case and remand it to the Court of Common Pleas of Philadelphia County, Pennsylvania.

Respectfully submitted,

Dated: January 28, 2025

By: */s/ Steven M. Coren*
Steven M. Coren, Esquire
John W. Morris, Esquire
**COREN & RESS, P.C.**
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 735-8700

*Counsel for Plaintiff George L. Miller,*
*Chapter 7 Trustee*

9