**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GEORGE L. MILLER, Chapter 7 Trustee for Education Management Corporation, *et al.*,** | **Case No. 2:25-cv-00311** |
| **Plaintiff,** | |
| **v.** | |
| **KKR & CO. INC., *et al.*,** | |
| **Defendants.** | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO ABSTAIN AND REMAND**

Plaintiff George L. Miller, Chapter 7 Trustee ("Plaintiff" or the "Trustee") of the bankruptcy estates of Education Management Corporation ("EDMC"), *et al.*, by and through his undersigned counsel, submits this Reply in further support of his motion to abstain and remand.[1]

The Trustee's motion seeks mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) and asks that the Court remand this case back to the Court of Common Pleas of Philadelphia County. As set forth in the Trustee's opening brief, each of the requirements of the Third Circuit's five-part test for mandatory abstention set forth in *Stoe v. Flaherty*, 436 F.3d 209 (3d Cir. 2006), are satisfied here. Defendants' opposition to the motion fails to establish otherwise.

Defendants contend that diversity jurisdiction exists (despite <u>not</u> citing it as a basis for removal in their Notice of Removal), argue that the Complaint fails to plead a colorable claim against defendant FS KKR Capital Corp. ("FS KKR"), and focus on matters irrelevant to the well-settled *Stoe* factors. These arguments should be rejected. This case is not removable based on

---

[1]    Plaintiff is not required to seek leave to file the instant Reply brief because motions seeking remand are considered dispositive motions. *See In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998).

diversity jurisdiction and the mandatory abstention analysis does not require joinder determinations or weighing of equitable factors. When, as here, the five *Stoe* requirements are met, this Court is required to abstain.

The Trustee's motion should be granted.

## ARGUMENT

The five requirements for mandatory abstention are: (1) the proceeding is based on a state law claim or cause of action; (2) the claim or cause of action is "related to" a case under title 11, but does not "arise under" title 11 and does not "arise in" a case under title 11, (3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case; (4) an action "is commenced" in a state forum of appropriate jurisdiction; and (5) the action can be "timely adjudicated" in a state forum of appropriate jurisdiction. *Stoe*, 436 F.3d at 213. Defendants do not contest that the first, second, and fourth requirements are met. *See* D.I. 21 at 8. They erroneously argue, however, that this case does not meet the third or fifth requirements.

A.    **Defendants Have Not Established The Existence of Diversity Jurisdiction; This Case's Relation to a Bankruptcy Case Is The Only Basis for Federal Jurisdiction**

Despite <u>not</u> citing diversity of citizenship as a basis for federal jurisdiction over the Trustee's claims in their Notice of Removal,[2] Defendants raise it now in a baseless attempt to avoid mandatory abstention. Their arguments in this regard should be rejected. *First*, they have presented no evidence concerning the citizenship of all the Defendants (which include many limited liability companies and limited partnerships, with perhaps hundreds of members/partners

---

[2]    *See* D.I. 1 (Notice); D.I. 1-2 (Civil Cover Sheet); D.I. 1-3 (Designation Form).

in all), despite it being their burden to do so.[3]  *Second*, under 28 U.S.C. § 1441(b)(2), this case is not removable based on diversity of citizenship because at least one Defendant—FS KKR—is a citizen of Pennsylvania, the state in which this action was brought.

"A removing party asserting diversity jurisdiction has the burden to demonstrate that the requirements for diversity are met." *CNX Gas Co. v. Lloyd's of London*, 410 F. Supp. 3d 746, 751 (W.D. Pa. 2019) (citing *McNutt Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *see also Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).  For a limited liability company (LLC) or limited partnership (LP), that requires determining the citizenship of *all* of its members or partners.  *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("[F]or diversity jurisdiction purposes . . . the citizenship of an LLC is determined by the citizenship of each of its members."); *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (for limited partnerships, "courts are to look to the citizenship of all the partners . . . to determine whether the federal district court has diversity jurisdiction").[4]

---

[3]    Defendants focus on Plaintiff's citizenship and cite the rule applicable to traditional trusts that the citizenship of the trustee (not the trust) is what matters for jurisdictional purposes.  *See Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) (discussing that traditional rule exists because "[t]raditionally, a trust was not considered a distinct legal entity").  There is case law calling into question whether the same rule applies to a  Chapter 7 Trustee suing on behalf of the bankrupt debtor, though the issue is unsettled among courts.  *See, e.g.*, *Carlton v. Baww, Inc.*, 751 F.2d 781, 786-87 (5th Cir. 1985) (applying "special rule" for bankruptcy context that "It is the citizenship of the bankrupt rather than the citizenship of the trustee in bankruptcy that is determinative for diversity jurisdiction"); *Roach v. Verterano*, 2015 WL 672248, at *4 (W.D. Pa. Feb. 17, 2015) (discussing that "special rule" has not been consistently applied); *Okechuku v. Sharp Mgmt.*, 522 B.R. 762 (D.N.J. 2014) (considering citizenship of chapter 7 debtor for diversity purposes).  Here, however, the Court does not need to decide which rule to apply because it does not need to determine the Plaintiff's citizenship.

[4]    As the Third Circuit has recognized, "this inquiry can become quite complicated" when an LLC or LP has another LLC or LP as one of its members/partners, requiring citizenship of the various unincorporated associations involved to be "traced through however many layers of partners or members there may be." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 n.16 (3d Cir. 2015) (citing *Zambelli*, 592 F.3d at 420).

3

Here, Defendants have not presented any evidence at all concerning the citizenship of members/partners of the numerous LLC and LP Defendants. While the Trustee has alleged the state in which each Defendant entity is organized as best he was able to determine, he does not have access to information concerning all of the members and partners of the numerous LLC and LP Defendants (much less information to, in turn, trace their citizenship through potentially many layers of unincorporated associations). That information is in the possession of Defendants and if they wished to demonstrate that federal jurisdiction based on diversity exists in this case, it was their burden to present such evidence to the Court.

Moreover, Defendants cannot escape mandatory abstention by arguing that the case still belongs in federal court due to diversity jurisdiction, because Defendant FS KKR is a citizen of the state in which this action was brought—Pennsylvania. *See* D.I. 1-1 at p. 33/92 ("Defendant FS KKR Capital Corp. . . . is a Pennsylvania corporation . . . with its principal place of business at 201 Rouse Blvd., Philadelphia, PA 19112-1902.").[5] The federal statute governing removal provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title **may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought**." 28 U.S.C. § 1441(b)(2) (emphasis added); *see also* 28 U.S.C. § 1332(a) (providing for federal jurisdiction based on diversity of citizenship). This is known as the "forum defendant rule." *See In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 624 F. Supp. 2d 396, 409 (E.D. Pa. 2009).

Defendants do not dispute FS KKR's Pennsylvania citizenship but argue that FS KKR was improperly joined, such that the Court should disregard its citizenship and find that complete

---

[5]    A corporation is considered a citizen of the state of its incorporation and the state in which it has its principal place of business. *See S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006).

diversity exists. This argument should be rejected because determinations about the sufficiency of allegations against certain Defendants are not part of the mandatory abstention analysis; insofar as Defendants wish to raise those challenges, they are properly raised before the state court on remand. The Complaint does state a "colorable ground" for naming FS KKR as a Defendant in this case. *See In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) ("[J]oinder is fraudulent if there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant....") (internal quotation marks omitted). FS KKR is alleged to be one of the shareholder/lender defendants that controlled two Company Board seats and controlled the strategic direction of the Company, including the wind-down and conflicted sale that favored the KKR-affiliated entities over the Debtors. *See, e.g.*, D.I. 1-1 at pp. 33/92, 36-37/92, 46-66/92, 71-73/92.

"[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Briscoe*, 448 F.3d at 217 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). Moreover, Defendants say that their arguments in this regard "apply equally" to *all* of the entity defendants named in the Complaint, not just FS KKR. *See* D.I. 21 at 10. The Third Circuit has rejected removal in the face of merits challenges that are cloaked as "joinder" arguments even though they apply to diverse and non-diverse defendants alike and "[go] to the merits of the action as an entirety." *Boyer*, 913 F.2d at 112-13 (citing *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 153 (1914)) (holding that, where arguments supposedly showing fraudulent joinder actually apply to all of the defendants, those are merits determinations which should be made by the state court). As in *Boyer*, this Court should reject the invitation to find fraudulent joinder of FS KKR based on merits challenges that, according to

5

Defendants, also apply to 20 other Defendants. Insofar as Defendants maintain that their convoluted corporate structure (about which the Trustee has limited information, absent discovery) or other facts insulate FS KKR (or others) from liability, those are merits questions for the state court to resolve.

### B. The Action Can Be Timely Adjudicated In The State Court

There can be no reasonable dispute that the Philadelphia Court of Common Pleas is capable of adjudicating the Trustee's claims in a sufficiently timely manner, particularly since the Court of Common Pleas can conduct the jury trial demanded by the Trustee (which the Bankruptcy Court cannot do) and the case was assigned to the Commerce Program, which has specialized expertise in dealing with complex corporate and commercial cases involving the type of claims raised by the Trustee. Defendants' arguments center around the contention that there would be "parallel" litigations due to the Trustee's adversary proceeding against other EDMC fiduciaries pending before the Delaware Bankruptcy Court. But while the existence of parallel proceedings may be relevant to a court's discretionary weighing of factors for permissive abstention,[6] it is not relevant to mandatory abstention.

In determining whether the fifth factor is met, "[t]he question is not whether the action would be *more quickly* adjudicated in the bankruptcy court than in state court, but rather, whether the action can be *timely adjudicated* in the state court." *In re Exide Techs.*, 544 F.3d 196, 218 n.14 (3d Cir. 2008) (cleaned up) (emphasis in original).

The proceedings in the Delaware Bankruptcy Court are not "considerably more advanced" than this case. Even though that case has been pending since 2020, it is still at the pleading stage;

---

[6]  *See, e.g.*, *In re D'Angelo*, 475 B.R. 424, 440 (Bankr. E.D. Pa. 2012), *aff'd*, 491 B.R. 395 (E.D. Pa. 2013).

there has not yet been a scheduling conference held or a scheduling order entered.  *See George L. Miller, Chapter 7 Trustee v. Todd S. Nelson, et al.* (D. Del. Bankr. Adv. No. 20-50627 (CTG)) at [Adv. Docket No. 163] (Status Report filed January 22, 2025).  Nor does this case present issues requiring the Bankruptcy Court's expertise.  The Trustee's claims are classic matters of state law involving the governance of a Pennsylvania corporation.  The fact that Defendants intend to raise a statute of limitations defense makes no difference—state courts obviously handle such defenses regularly.

Defendants' position that the case should be transferred to the Delaware Bankruptcy Court is not relevant to the Court's determination of whether this case satisfies the five *Stoe* factors—which it clearly does.[7]  Arguments about judicial economy "cannot supplant the binding analysis set forth in *Stoe* regarding the interpretation of § 1334(c)(2)."  *Reunion*, 410 B.R. at 175.  "The specific statutory language in § 1334(c)(2) *requires* abstention when the statutory requirements are fulfilled."  *Id.* (emphasis added).

## CONCLUSION

For the reasons set forth above and in the Trustee's opening brief, the Trustee's motion should be granted and this Court should abstain from hearing this case and remand it to the Court of Common Pleas of Philadelphia County.

---

[7]     Defendants have also filed a motion to transfer venue to the District of Delaware [D.I. 22], to which the Trustee will fully respond in accordance with the timelines set forth in the Local Rules.  In short, there is nothing to transfer at this juncture; this Court must determine the mandatory abstention issue—which concerns whether the case should be in federal court at all—prior to deciding whether it should be transferred to a different federal venue.  *See Reunion Indus., Inc. v. Steel Partners II, L.P.*, 410 B.R. 170, 173 (W.D. Pa. 2008) (where motion for mandatory abstention and motion to transfer venue were both pending, court had to address abstention first).

Respectfully submitted,

Dated: February 18, 2025

By: */s/ Steven M. Coren*
Steven M. Coren, Esquire
John W. Morris, Esquire
**COREN & RESS, P.C.**
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 735-8700

*Counsel for Plaintiff George L. Miller,*
*Chapter 7 Trustee*

8