IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGE L. MILLER, Chapter 7 Trustee     :     CIVIL ACTION
for Education Management Corporation    :
                                :     No. 25-311
      v.                         :
                                :
KKR & CO. INC., et al.            :

**ORDER**

AND NOW, this 9th day of April, 2025, upon consideration of Plaintiff's Motion for

Mandatory Abstention and Remand (ECF No. 19), Defendants' Motion to Transfer (ECF No. 22),

and the responses to both motions, it is **ORDERED**[1]:

---

[1]      Plaintiff George Miller is the Chapter 7 Trustee of the bankruptcy estates of a group of debtors whose bankruptcy cases are being jointly administered in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") under the caption *In re: The Art Institute of Philadelphia, LLC, et al.*, Case No. 18-11535-CTG (Bankr. D. Del.). Pl.'s Remand Mot. 1, ECF No. 19. In his capacity as a Trustee, Plaintiff sued Defendants in Pennsylvania state court for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and civil conspiracy under state law as a result of the sale of debtor Education Management Corporation (EDMC) to a third-party by Defendants. Defendants removed the case pursuant to 28 U.S.C. § 1452(a) on the ground that the state action "relates to" the ongoing bankruptcy cases, as defined by 28 U.S.C. § 1334(b). Removal Notice 2, ECF No. 1. Plaintiff moves to remand the case back to state court, arguing that mandatory abstention applies under 28 U.S.C. § 1334(c)(2). ECF No. 19. Pursuant to 28 U.S.C. § 1412, Defendants move to transfer the case to the Bankruptcy Court. Defs.' Transfer Mot. 4, ECF No. 22-1. The Court must determine whether to transfer the case and preserve the abstention-remand issue for the Bankruptcy Court or decide the abstention-remand issue.

At the outset, the case was properly removed under § 1334(b) because it "seeks to recover damages on behalf of the debtors in the Bankruptcy Cases, and its outcome will bind the debtors' estates." ECF No. 1 at 2; see *Vertiv, Inc. v. Wayne Burt PTE, Ltd.*, 92 F.4th 169, 179 (3d Cir. 2024) (holding an action relates to a bankruptcy proceeding if the outcome "in any way impacts … the handling and administration of the bankrupt estate."). Addressing the transfer and abstention-remand issue, courts in this district have held that if a court is "simultaneously confronted with a motion to transfer or change the venue of an action which has been removed to it pursuant to 28 U.S.C. § 1452(a), and a motion to remand or otherwise abstain from hearing the change of venue action, pursuant to 28 U.S.C. § 1334(c), 'the action should be transferred to the "home" court of the bankruptcy to decide the issue of whether to remand or abstain from hearing the action.'" *Int'l Union of Operational Eng'rs Loc. 542 v. Mallinckrodt ARD, Inc.*, Civ. No. 21-114, 2021 WL 915722, at *6 (E.D. Pa. Mar. 10, 2021) (quoting *Harrell v. Carrington Mortg. Servs., LLC*, Civ. No. 20-2359, 2020 WL 3412546, at *5 (E.D. Pa. June 22, 2020)). "This preference for transferring

1. Defendants' Motion to Transfer (ECF No. 22) is **GRANTED**. The case will be transferred to the United States District Court for the District of Delaware, with the expectation the case will be sent to the Bankruptcy Court in that District.

2. The Court declines to rule on Plaintiff's Motion for Mandatory Abstention and Remand to preserve the issue for the Bankruptcy Court.

BY THE COURT:

---

the case to the 'home court' to determine venue is rooted in the logical conclusion that the 'home court' is in the best position to evaluate the claims and determine whether remand is appropriate." *George Junior Republic in Pa. v. Williams*, Civ. No. 07-4537, 2008 WL 763304, at *5 (E.D. Pa. Mar. 19, 2008).

Consistent with the foregoing authority, the Court finds preserving the abstention-remand issue and transferring the case to the Bankruptcy Court is appropriate here. "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. To determine whether a case should be transferred, courts consider the following factors: (1) plaintiff's choice of forum; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) location of books and records; (5) convenience of parties as indicated by their relative physical and financial condition; (6) convenience of witnesses, but only to the extent that witnesses may actually be unavailable for trial in one of the fora; (7) enforceability of judgment; (8) practical considerations that would make the trial easy, expeditious, or inexpensive; (9) relative administrative difficulty in the two competing fora; (10) public policies of the fora; (11) familiarity of court with applicable law; and (12) local interest in deciding local controversies at home. *Frutera Agrosan Exp. SPA v. MSC Mediterranean Shipping Co., S.A.*, 727 F. Supp. 3d 526, 531-32 (E.D. Pa. 2024) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995)).

A balance of the factors supports transfer. Plaintiff previously filed a similar action in the Bankruptcy Court in June 2020. ECF No. 22-1 at 2-3; ECF No. 19 at 7. The Bankruptcy Court action encompasses the same sale-related allegations and involves overlapping claims and issues as the present action. According to Plaintiff, the Bankruptcy Court action has remained dormant since filing. ECF No. 19 at 7. Nonetheless, the convenience factor favors transfer because of the overlapping witnesses in both actions and because Plaintiff has "sought or obtained" much of the anticipated discovery in the Bankruptcy Court action. ECF No. 22-1 at 6. There also appears to be no inconvenience to the parties in accessing corporate books and records if the case is transferred to the Bankruptcy Court. The judicial economy factor favors transfer because the Bankruptcy Court is familiar with the underlying bankruptcy case and has been adjudicating a similar action since June 2020. The remaining factors are neutral or cancel each other out, such as the parties' forum preferences and the enforceability of judgment by the Bankruptcy Court or the Pennsylvania state court. Accordingly, the Court transfers the case to the "home" Bankruptcy Court and preserves the abstention-remand issue for disposition by that Court.

<u>/s/ Juan R. Sánchez</u>
Juan R. Sánchez, J.